Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 4627 | DATE | 6-22-04 |
| CASE TITLE | *Jurgovan v. ITI Enterprises* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Metropolitan Life's motion to dismiss the claims against it in Count I and to dismiss Count II in its entirety [10-1] is granted. Pursuant to Rule 54(b), the court certifies that there is no just reason for delay and directs the clerk to enter judgment as to Metropolitan Life. (Enter Memorandum and Order).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 23 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | 2004 JUN 23 AM 11:25 | | |
| RTS/c | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANA JURGOVAN, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 03 C 4627 |
| ) | |
| ITI ENTERPRISES, et al., ) | |
| Defendants. ) | |

DOCKETED
JUN 23 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Diana Jurgovan was a member of an ERISA welfare benefit plan. Defendant Metropolitan Life and its predecessor provided claims processing services for the plan. Ms. Jurgovan developed a serious medical condition which required surgical and medical treatment. When all of her expenses were not paid, this ERISA suit followed. Metropolitan Life's motion to dismiss is before the court. For the following reasons, Metropolitan Life's motion is granted.

I. **Background**

The following facts are drawn from Ms. Jurgovan's complaint. Defendant Credit Services Group employed Ms. Jurgovan. Credit Services and its affiliated companies, defendants ITI Enterprises and Intercounty Title Company of Illinois, sponsored and self-funded an ERISA benefit plan which provided hospital, medical, and prescription drug benefits. Ms. Jurgovan was a member of this plan. Defendant Metropolitan Life and its predecessor in interest, New England Mutual Life, provided claims processing services for the plan. According to Ms. Jurgovan, Metropolitan Life had discretionary authority over the plan's administration. Defendant Michael Hermes was the plan administrator.

In February of 2000, Ms. Jurgovan went on maternity leave. While she was on leave, she developed a brain circulation abnormality which required surgical and other medical treatment.

On June 23, 2000, before she completed her treatment, she learned that Credit Services had terminated her employment. On June 30, 2000, she received notices regarding her COBRA rights from Credit Services.

Ms. Jurgovan alleges her medical expenses were not paid because Credit Services, ITI Enterprises, and Intercounty Title Company failed to adequately fund the plan. She thus filed a two-count complaint against Credit Services, ITI Enterprises, Intercounty Title Company, Metropolitan Life, and Mr. Hermes. In Count I, she claims that the defendants knew that the plan was insolvent and had a fiduciary duty to tell her this. She alleges that she would have rearranged her treatment schedule and obtained alternative coverage if she had known that about the plan's true financial condition. She seeks restitution for the medical claims she filed with the plan from all the defendants, jointly and severally. In Count II, which is directed solely at Metropolitan Life, Ms. Jurgovan alleges that Metropolitan Life had a common law duty to advise her of the plan's financial condition and thus is equitably estopped from contesting that it is responsible for the medical claims she filed with the plan.

## II. Discussion

### A. Standard on 12(b)(6) Motion to Dismiss

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must assume the truth of all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. *See, e.g., McMath v. City of Gary*, 976 F.2d 1026, 1031 (7th Cir. 1992); *Gillman v. Burlington N. R.R. Co.*, 878 F.2d 1020, 1022 (7th Cir. 1989). Dismissal is properly granted only if it is clear that no set of facts which the plaintiff

could prove consistent with the pleadings would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kunik v. Racine County, Wis.*, 946 F.2d 1574, 1579 (7th Cir. 1991).

### B. Count I

Metropolitan Life contends that Ms. Jurgovan is not entitled to equitable relief against it under § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), because: (1) she can receive adequate relief via an action for benefits against the plan under § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B); and (2) in any event, her claim for restitution is in fact a claim for damages at law, which are not available under § 502(a)(3). Because the court agrees with Metropolitan Life's first argument, it will not reach its alternative contention that Ms. Jurgovan's claim for restitution pursuant to § 502(a)(3) is a claim for damages at law.

According to Metropolitan Life, Ms. Jurgovan's claims against it under § 502(a)(3) are foreclosed because adequate relief is already available via an action for benefits against the plan. In support, Metropolitan Life points to the Supreme Court's decision in *Varity Corporation v. Howe*, 516 U.S. 489, 515 (1996). In that case, the Court, in determining whether plaintiffs could seek relief under § 502(a)(3), stated that § 502(a)(3) was a "catchall provision [that] operate[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Id.* at 490. The Court also noted that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case relief would normally not be 'appropriate.'" *Id.* at 515. *Varity* thus stands for the proposition that if a plaintiff can recover under another section of ERISA, she normally cannot seek relief under § 502(a)(3).

3

Metropolitan Life thus vigorously contends that relief under § 502(a)(3) is unavailable because Ms. Jurgovan can seek relief under another section of ERISA – § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). In response, Ms. Jurgovan contends that a cause of action against an insolvent entity under § 502(a)(1)(B) is inadequate because, by definition, she cannot recoup any monies from a plan that has no money. To resolve this issue, the court must determine whether relief is "unavailable" (thereby making a claim under § 502(a)(3) possible) under *Varity* if a plaintiff has an actionable claim for damages under § 502(a)(1)(B) as opposed to the ability to actually collect on a judgment in her favor under that section.

The vast majority of the courts construing *Varity* have held that when a plaintiff can state a claim under § 502(a)(1)(B), then "[r]eliance under § 502(a)(3), a catchall provision, is unnecessary and inappropriate." *Frommert v. Conkright*, 206 F. Supp. 2d 435, 439 (W.D.N.Y. 2002). Thus, the Eleventh Circuit held that an ERISA plaintiff who can state a claim for relief under § 502(a)(1)(B) cannot alternatively proceed under § 1132(a)(3) because the availability of an "adequate" remedy "does not mean, nor does it guarantee, an adjudication in one's favor." *Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084, 1088 (11th Cir. 2000).

Similarly, the Fifth Circuit found the fact that the plaintiff did not prevail on his claim under § 1132(a)(1) did not make his alternative claim under § 1132(a)(3) viable. *Tolson v. Avondale Industries, Inc.*, 141 F.3d 604, 610 (5th Cir. 1998). In addition, the Fourth Circuit held that § 502(a)(3) cannot be used where a claimant lacked standing to pursue a claim for allegedly wrongfully denied benefits because ERISA provided a remedy elsewhere, albeit one that the claimant lacked standing to pursue. *Coyne & Delany Co. v. Blue Cross & Blue Shield*, 102 F.3d 712, 716 (4th Cir. 1996).

4

Numerous other courts have held that claims under § 502(a)(3) and § 502(a)(1)(B) are mutually exclusive. *See, e.g., Hall v. Lhaco, Inc.*. 140 F.3d 1190, 1197 (8th Cir. 1998) (affirming the dismissal of a § 502(a)(3) claim where the plaintiff sought the same relief under § 502(a)(1)(B)); *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1475 (9th Cir. 1997) (where plaintiff had sought relief under a specific section of ERISA, he could not also request relief under § 1132(a)(3) because he had an adequate remedy); *Edwards v. Akzo Nobel, Inc.*, 103 F. Supp. 2d 214, 220 (W.D.N.Y. 2000) (§ 502(a)(3) claim for recovery of benefits is improper due to availability of a remedy under § 502(a)(1)(B)); *Wyluda v. Fleet Financial Group*, 112 F. Supp. 2d 827, 832 (E.D. Wis. 2000) (rejecting § 502(a)(3) claim where the relief sought by the plaintiff under that section was no different from the relief he could seek by filing an action against the plan under a different section of ERISA).

These cases appear to doom Ms. Jurgovan's attempt to seek relief under § 502(a)(3) based on the fact that she cannot receive any money if she prevails on her § 502(a)(1)(B) claim given that the plan is insolvent. At least one court, however, held that *Varity* permits a plaintiff to recover in this circumstance. Specifically, in *Parente v. Bell Atlantic Pennsylvania*, the court found that under *Varity*, "a plaintiff is only precluded from seeking equitable relief under [§ 502(a)(3) ] when a court determines that plaintiff will certainly receive or actually receives adequate relief for her injuries under [§ 502(a)(1)(B) ] or some other ERISA section." No. 99 C 5478, 2000 WL 419981 *3 (E.D. Pa. Apr 18, 2000).

In support, the court focused on the fact that in *Varity*, the Supreme Court held that there would "likely be no need for further equitable relief" under § 502(a)(3) if a plaintiff could seek relief under another section of ERISA. *Id*. According to the *Parente* court, this means that the

Court did not intend to absolutely preclude relief under § 502(a)(3) if relief was also potentially available elsewhere. *Id.* The *Parente* court also focused on the use of the word "relief" in the statute, noting that "relief" means "redress" so the lack of actual recovery under a specific ERISA section allows a plaintiff to invoke the catch-all provision. *Id.* at n.11. Finally, the *Parente* court noted that alternative pleading is proper under the Federal Rules so dismissal of the § 502(a)(3) claim is improper at the motion to dismiss stage. *Id.* It thus denied a motion to dismiss the plaintiff's § 502(a)(3) claim.

The court is not persuaded by the *Parente* court's reasoning. First, its reading of *Varity* focuses on a few specific words in the opinion rather than the opinion's meaning as a whole. In *Varity*, the Court specifically described § 502(a)(3) as a "catchall provision" meant to provide relief for injuries that ERISA "does not elsewhere adequately remedy." 516 U.S. at 490. It is true that the Court also observed that where there is an alternative source of relief, there will likely be no need for additional relief under § 502(a)(3). *Id.* at 515. However, the gist of *Varity* is that if there is an alternative remedy, then § 502(a)(3) does not come into play. *Id.* Thus, in *Varity*, the Court held that the plaintiffs could invoke § 502(a)(3) because ERISA did not provide a remedy elsewhere for their alleged injuries. *Id.* Here, in contrast, Ms. Jurgovan has a remedy as she can sue under § 502(a)(1)(B). It is a remedy that she understandably does not like, but it is still a remedy nonetheless.

Second, the court disagrees with the *Parente* court's conclusion that the word "relief" in the statute means that a plaintiff can proceed under § 502(a)(3) if another section does not guarantee that she will receive redress for her claims. *See* § 502(a)(3) ("a civil action may be brought . . . . to obtain other appropriate equitable relief"). Simply put, this court feels that this

6

interpretation of the word "relief" reads too much into the statute.[1] Third, the fact that alternative pleading is proper under the Federal Rules is irrelevant under this court's interpretation of *Verity* because the existence of a claim for relief under § 502(a)(1)(B) (as opposed to the receipt of actual relief under than section) means that relief under § 502(a)(3) is not available as a matter of law.

Accordingly, Ms. Jurgovan's § 502(a)(3) claim against Metropolitan Life must be dismissed because it seeks relief which duplicates the relief sought in her claim for benefits under § 502(a)(1)(B). This means that the court need not reach Metropolitan Life's alternative argument that Ms. Jurgovan's claim for restitution under § 502(a)(3) is a claim for damages at law, which are not available under § 502(a)(3).

### C. Count II

In Count II, Ms. Jurgovan alleges that Metropolitan Life knew that her ERISA plan was unfunded and that it had an obligation to tell her this critical fact so she could obtain alternate health benefits. According to Metropolitan Life, Ms. Jurgovan's estoppel claim fails because: (1) actions in ERISA cases can only be based on allegations of an intentional written misrepresentation; and (2) estoppel actions are only permissible against unfunded or insured plans, not the plan's claims processor and, in any event, Ms. Jurgovan has alleged that the plan

---

[1] The court also notes that interestingly, the word "relief" can mean many things other than "redress." *See The Oxford English Dictionary Online* (2004), *available at* http://dictionary.oed.com/ (defining "relief" as, among other things, a payment made to the overlord by the heir of a feudal tenant on taking up possession of the vacant estate, ease from, or lessening of, physical pain or discomfort, an agreeable change of object to the mind or one of the senses, a gradual widening in the bore of a gun-barrel towards the muzzle, assistance given to a person in a state of poverty or want, sustenance, help or succor, release from some occupation or post of duty, a dish succeeding another, deliverance from hardship, release from an obligation, and the giving of food to young hounds after a successful chase).

was funded (albeit inadequately). In support, Metropolitan Life directs the court's attention to *Coker v. Trans World Airlines, Inc.*, 165 F.3d 579, 585 (1999).

In that case, the Seventh Circuit noted that "[i]t is not easy to apply estoppel principles to ERISA cases in the face of the rule requiring modifications to plans to be in writing, 29 U.S.C. § 1102(a)(1), and the required procedures for amending plans, 29 U.S.C. § 1102(b)(3)." *Id.* It then conducted an exhaustive survey of cases from the Seventh Circuit and elsewhere and held that a cause of action for equitable estoppel in the ERISA "has four elements: (1) a knowing misrepresentation; (2) made in writing; (3) with reasonable reliance on that misrepresentation by the plaintiff; (4) to her detriment." *Id.* It also noted that given this demanding standard, arguments that oral misrepresentations estop administrators from enforcing the plans' written terms "have been singularly unsuccessful." *Id., quoting Decatur Memorial Hospital v. Connecticut Gen. Life Ins. Co.*, 990 F.2d 925, 926-27 (7th Cir. 1993).

Here, the alleged failure to speak was not based on written materials. Thus, Ms. Jurgovan cannot state a claim against Metropolitan Life for equitable estoppel. *See id.* Ms. Jurgovan's citations to district court cases and Seventh Circuit cases which predate *Coker* do not alter this conclusion. In *Coker*, the Seventh Circuit made it clear that oral statements (or the failure to speak) cannot form the basis of an ERISA equitable estoppel claim. This court is bound to follow *Coker*, which helpfully synthesizes all of the prior Seventh Circuit authority on this issue and states that it is setting forth the definitive test for ERISA estoppel claims. *Kelly v. Apollo Travel Services Partnership*, No. 98 C 2506, 2000 WL 1170074 *12 n.14 (N.D. Ill. Aug 16, 2000). Therefore, the court need not attempt to determine the novel issue of whether estoppel can apply to an action which does not involve an unfunded, single-employer plan.

## III. Conclusion

For the above reasons, the court grants Metropolitan Life's motion to dismiss [10-1]. Thus, the claims against Metropolitan Life in Count I are dismissed and Count II is dismissed in its entirety. Pursuant to Rule 54(b), the court certifies that there is no just reason for delay and directs the clerk to enter judgment as to Metropolitan Life. The court thanks counsel for their well-written and thoroughly researched briefs and their excellent responses to the court's request for supplemental memoranda.

DATE:

_____
Blanche M. Manning
U.S. District Court Judge

03cv4627.md